UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:20-cv-2751 |
| | § | |
| $99,990.00 in U.S. Currency, | § | |
| Defendant. | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) & 21 U.S.C. § 881(a)(6).

*Defendant Property*

2. The Defendant is $99,990.00 in United States currency (the "Defendant Property").

3. On or about March 3, 2020, law enforcement seized the Defendant Property from Alexis Mercado in Houston, Texas. The Defendant Property is currently in a bank account in the custody of the United States Marshals Service.

4. On or about May 19, 2020, Alexis Mercado (hereinafter "Claimant") submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Property.

1

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

7. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. Pursuant to 18 U.S.C. § 1956(c)(7), which incorporates by reference offenses listed in 18 U.S.C. § 1961(1), "specified unlawful activity" includes the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances as defined in section 102 of the Controlled Substances Act.

8. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, et. seq.), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Facts*

9.     On March 3, 2020, officers with the Houston Police Department and agents with the DEA approached Claimant at the George Bush Intercontinental Airport in Houston, Texas. Claimant had just arrived on a flight from Miami, Florida, and was scheduled to board another flight to Sacramento, California. Officers and agents introduced themselves as law enforcement and asked to speak to Claimant, and Claimant agreed.

10.     Law enforcement inquired about Claimant's travel itinerary and the purpose of this trip. Claimant stated that he was flying from Florida, where he lived, to Sacramento, California. Claimant stated that he owned three preschools in Florida and was planning to look at property in Sacramento in order to expand his business. Claimant stated that he would be in Sacramento for approximately three days, that he would stay at a hotel, and that he would use a car to get around. Claimant stated that he did not have a hotel or car rental reservation in Sacramento. Claimant stated that he was traveling to Sacramento on a one-way ticket.

11.     Law enforcement asked Claimant if he was traveling with any luggage. Claimant stated that he had one checked bag. Law enforcement asked Claimant if he packed the bag himself and if he was aware what was inside the bag. Claimant answered yes to both questions, but appeared nervous when doing so.

12.     Law enforcement explained that they work on narcotics investigations and asked Claimant if he had any drugs in his checked bag or on his person. Claimant answered no to both questions.

13. Law enforcement asked if Claimant had any large sums of money in his checked bag or on his person. Claimant hesitated and looked away before answering that he had about $50,000 to $60,000 in his checked bag.

14. Law enforcement asked to search Claimant's checked bag, and Claimant agreed.

15. While Claimant's checked bag was being retrieved from the aircraft, law enforcement asked Claimant again how much money he was carrying. Claimant stated that he thought he had $60,000.

16. After Claimant's checked bag was located, Claimant voluntarily accompanied law enforcement to a police office within the airport. Law enforcement then opened Claimant's checked bag and searched the contents. Law enforcement found the Defendant Property in multiple rubber-band-wrapped bundles, concealed within each pocket of each pair of pants in the checked bag.

17. A canine trained in the detection of narcotics alerted to the presence of narcotics on the Defendant Property.

18. Law enforcement asked Claimant if the Defendant Property belonged to him, and Claimant stated that it did. Law enforcement asked if he had withdrawn any of the Defendant Property from a bank, and Claimant stated no. Law enforcement then asked Claimant where he got the Defendant Property, and Claimant hesitated before stating that $25,000 was his and $35,000 was given to him by a family member.

19. Law enforcement then counted the Defendant Property, which totaled to $99,990.00, higher than the amounts stated by Claimant. Law enforcement asked Claimant

again if any of the Defendant Property belonged to him. Claimant shook his head and stated no. Law enforcement asked if anyone was paying Claimant to take the Defendant Property from Miami to Sacramento, and Claimant stated yes. Law enforcement asked how much he was being paid, and Claimant stated $1,000. Claimant stated that once he arrived in Sacramento, he planned to go to a hotel and call his contact in Miami to let that person know he had arrived. His contact in Miami would then send someone in Sacramento to pick up the Defendant Property from Claimant at his hotel. Law enforcement asked if Claimant had been a money courier before, and Claimant stated that he had made the same type of trip in January 2020 and had been paid $1,000.

20. Law enforcement presented Claimant with a receipt for the Defendant Property, as well as a voluntary disclaimer of ownership form. Claimant read the disclaimer of ownership form, stated that he understood it, and signed it in the presence of law enforcement.

21. The U.S. currency which totaled $99,990.00 was in the following denominations:

- $100   x   675   =   $67,500.00
- $50    x   472   =   $23,600.00
- $20    x   444   =   $8,880.00
- $10    x   1     =   $10.00

22. Defendant Property constitutes or is derived from proceeds traceable to a violation of an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)—specifically, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances as defined in section 102 of

the Controlled Substances Act, which is a listed offense in 18 U.S.C. § 1961(1) and incorporated by reference in 18 U.S.C. § 1956(c)(7)—or a conspiracy to commit such offense.

23. The Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

*Requested Relief*

Wherefore, the United States of America requests that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: *s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney
State Bar No.: 24055344
Federal Bar No.: 705181
1000 Louisiana, Suite 2300
Houston, TX 77002
(713) 567-9419

Verification

I, Lawrence Lilly, a Special Agent employed by the U.S. Drug Enforcement Administration, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 7th day of August 2020.

Lawrence Lilly
Special Agent
U.S. Drug Enforcement Administration